

ORIGINAL

FILED

JUN - 5 2014

CLERK'S OFFICE
U.S. DISTRICT OFFICE
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

LORRIS UPSHAW III,

Defendant.

_____/

No. 14-CR-20106

HON. Robert H. Cleland

**OFFENSES:** 18 U.S.C. § 666(a)

**MAXIMUM PENALTY:** 10 Years

**MAXIMUM FINE:** $250,000

**SUPERVISED RELEASE:** 1-3 years

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant LORRIS UPSHAW III and the government agree as follows:

## 1.   GUILTY PLEA

### A.   **Count of Conviction**

Defendant will enter a plea of guilty to **Count One** of the First Superseding Information, which charges defendant with Bribery Concerning Programs Receiving Federal Funds, in violation of Title 18 U.S.C. § 666.

**B.**    **Elements of Offense**

The elements of Count One are:

1.    the defendant was an agent of an organization, a state, local or tribal government;

2.    the organization, state or local government, state or local government agency, or tribal government, received federal assistance in excess of $10,000 in a one-year period;

3.    the federal assistance was under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other form of federal assistance;

4.    the one-year period of federal assistance was within twelve months before or after the commission of the offense;

5.    the defendant solicited or demanded for the benefit of any person, or accepted or agreed to accept, a thing of value from any person;

6.    the defendant intended to be influenced or rewarded in connection with a transaction or series of transactions of the organization or agency that involved $5,000 or more; and

7.    the defendant acted corruptly.

2

**C.    Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

During January 2009, and continuing up to and including December 2010, defendant was employed as a clerk in the Wayne County Clerk's Office, located in Detroit, Michigan.   The defendant worked in the division responsible for the issuance of Concealed Pistol Licenses (CPLs).   During that time period, the defendant accepted United States Currency from individuals seeking a CPL, who were not otherwise eligible to receive such licenses due to their status as convicted felons.   The defendant accepted cash as a bribe to perform acts within his official duties as a clerk with the Wayne County Clerk's Office in exchange for issuing CPLs to individuals that were not otherwise eligible to receive such licenses lawfully.

On October 24, 2013, investigators interviewed the defendant regarding his unlawful acts in issuing CPLs while he worked as a clerk at the Wayne County Clerk's Office.   Defendant admitted that he accepted money in exchange for the issuance of CPLs to individuals that were not eligible to obtain those licenses legally.

Defendant stipulates that during the calendar years 2009 and 2010, Wayne County received federal assistance in excess of $10,000.

**2.** **SENTENCING GUIDELINES**

    **A.**     **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    **B.**     **Agreed Guideline Range**

There is **one sentencing guideline disput**e, specifically: pursuant to Guideline Section 2C1.1(b)(2), defendant argues that the benefit received/value obtained/loss (referencing the table in §2B1.1) is more than $5,000, which would increase his offense level by 2 points, while the government argues that the benefit received/value obtained/loss is more than $10,000, which would increase the defendant's offense level by 4 points; the parties agree to leave that determination to the Court's discretion, after proofs are made to the Probation Department and the Court, at sentencing. Except as provided below, the defendant's guideline range is **24-30 months,** as set forth on the attached worksheets, unless the above-listed dispute lowers the guideline range as indicated above. If the Court finds:

a) that defendant's criminal history category is higher than reflected on

the attached worksheets, or

4

b) that the offense level should be higher because, after pleading guilty,

defendant made any false statement to or withheld information from his

probation officer; otherwise demonstrated a lack of acceptance of

responsibility for his offense(s); or obstructed justice or committed any

crime,

and if any such finding results in a guideline range higher than **24-30 months**, the

higher guideline range becomes the range recommended by defendant and

government. The Court is not bound by this recommendation concerning the

guideline range, and the defendant understands that he will have no right to

withdraw his guilty plea if the Court does not follow this recommendation.

However, if the Court finds that defendant is a career offender, an armed career

criminal, or a repeat and dangerous sex offender as defined under the sentencing

guidelines or other federal law, and that finding is not already reflected in the

attached worksheets, this paragraph does *not* authorize a corresponding increase in

the agreed range.

Neither party may take a position concerning the applicable guidelines that is

different than any position of that party as reflected in the attached worksheets,

except as necessary to the Court's determination regarding subsections a) and b),

above.

3.   <u>SENTENCE</u>

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

### A.   **Imprisonment**

Pursuant to Rule 11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than the top of the sentencing guideline range as determined by Paragraph 2B.

### B.   **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court **must** impose a term of supervised release on Count One of **no less than 1 year, but no more than 3 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.   **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

6

**D.**   **Fine**

There is no agreement as to fines.

**E.**   **Restitution**

Restitution is not applicable to this case.

**4.**   **OTHER PROVISIONS**

**A.**   **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

**5.**   **OTHER CHARGES**

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

**6.**   **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The recommendations in Part 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from

this agreement if the Court decides not to follow them.

### 7.   WAIVER OF APPEAL

Defendant waives any right he may have to appeal his conviction.  If the sentence imposed does not exceed the maximum recommendation allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence.  If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

### 8.   CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEAS OR VACATION OF CONVICTIONS

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the

8

limitations period expired.

9. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

9

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

**11.** <u>**ACCEPTANCE OF AGREEMENT BY DEFENDANT**</u>

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **12:00 P.M. on 5/30/2014**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

KEVIN M. MULCAHY
CHIEF, GENERAL CRIMES UNIT
ASSISTANT UNITED STATES ATTORNEY

HALA Y. JARBOU
ASSISTANT UNITED STATES ATTORNEY

DATE: 5/21/2014

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT SHE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. SHE ALSO ACKNOWLEDGES THAT SHE IS SATISFIED WITH HER ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT SHE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HER LAWYER, AND HAS HAD ALL OF HER QUESTIONS ANSWERED BY HER LAWYER.

RHONDA BRAZILE
ATTORNEY FOR DEFENDANT

LORRIS UPSHAW III
DEFENDANT

DATE: 6/5/2014

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2C1.1(a)(1) | Base offense level – defendant a public official | 14 |
| 2C1.1(b)(1) | Offense involved more than one bribe | +2 |
| 2C1.1(b)(2) | Payment (benefit received/value obtained/loss)  [2B1.1 table] – more than $10,000 | +4 |
| | | |
| | | |

**2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

A-1

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

20

\* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

X

*If the defendant has no criminal history, check this box and skip Worksheet C.*

X

A-2

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

## <u>WORKSHEET B (Multiple Counts)</u>

**<u>Instructions</u> (U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

    - assign 1 unit to the Group with the highest offense level,
    - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
    - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
    - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNT(S)**
   ADJUSTED OFFENSE LEVEL ———————         unit
2. **GROUP TWO: COUNT(S)**
   ADJUSTED OFFENSE LEVEL ———————         unit
3. **GROUP THREE: COUNT(S)**
   ADJUSTED OFFENSE LEVEL ———————         unit
4. **GROUP FOUR: COUNT(S)**
   ADJUSTED OFFENSE LEVEL ———————         unit

5. **TOTAL UNITS**                        units

B-1

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

**6.    INCREASE IN OFFENSE LEVEL**

1 unit ⟶ no increase      2 1/2 – 3 units ⟶ add 3 levels
1 1/2 units ⟶ add 1 level    3 1/2 – 5 units ⟶ add 4 levels
2 units ⟶ add 2 levels     > 5 levels ⟶ add 5 levels



**7.    ADJUSTED OFFENSE LEVEL OF GROUP
        WITH THE HIGHEST OFFENSE LEVEL**



**8.    COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

## WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

1. **PRIOR SENTENCES**

**Prior Sentence of Imprisonment Exceeding 13 Months**       **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**       **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**       **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct   and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | ____ | _____ | _____ | _____ | |
| _____ | ____ | _____ | _____ | _____ | |
| _____ | ____ | _____ | _____ | _____ | |
| _____ | ____ | _____ | _____ | _____ | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

**3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE:  No more than 3 points may be added under this item.

**4.   TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

0

**5.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥ 13 | VI |

I

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

## WORKSHEET D (Guideline Range)

**1.  (COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

> 20

**2.  ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

> -3

**3.  TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 17

**4.  CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> I

**5.  CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

a.  <u>Total Offense Level:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.  <u>Criminal History Category:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

**6.** **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

24-30

months

**7.** **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

## WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**

   a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

   [X] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

   [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

   [ ] 2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [X] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a.    <u>Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)</u>
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.    <u>Length of Term of Supervised Release (U.S.S.G. § 5D1.2)</u>

- [ ] 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment $\geq$ 25 years.
- [X] 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment $\geq$ 5 years but < 25 years.
- [ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.
- [ ] 4. The statute of conviction requires a minimum term of supervised release of _____ years.

    c.    <u>Conditions of Supervised Release (U.S.S.G. § 5D1.3)</u>
The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

- [ ] 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.
- [ ] 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4. The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[X] 5. Restitution is not applicable.

6. **FINE (U.S.S.G. § 5E1.2)**

   a. <u>Fines for Individual Defendants</u>

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $5,000 | $250,000 |

E-3

| Defendant: | Lorris Upshaw III | Count: | I: Bribery Concerning Programs Receiving Federal Funds |
|---|---|---|---|
| Docket No.: | 14-cr-20106 | Statute(s): | I: 18 U.S.C. § 666 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100_____.

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

☐ Assets of the defendant will be forfeited.   ☐ Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

_____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____